UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBERT CANNIZZARO,

                              Plaintiff,

v.                                                Civil Action No. _____

RECEIVABLES PERFORMANCE
MANAGEMENT, LLC.,

                              Defendant,
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, Robert Cannizzaro, is a natural person residing in the County of Niagara and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, Receivables Performance Management, LLC., (hereinafter "RPM") is a foreign limited liability company organized and existing under the laws of the State of Washington and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff allegedly incurred a AT & T Mobility debt. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That upon Plaintiff thereafter allegedly defaulted on the subject debt.

12. In or about November 2020, Defendant started to call Plaintiff in an effort to collect the subject debt.

13. In or about November 2020, Plaintiff spoke with Defendant Xavier Torre and told him he did not owe this debt. Defendant then stated that the matter was going to be sent to the escalation department.

14. That Plaintiff considered that a threat to take legal action against him.

15. In or about November 25, 2020, Defendant started calling Plaintiff's daughter in regards to the alleged subject debt.

16. In or about November 27, 2020 and after the above conversation between Plaintiff and Defendant representative Xaiver Torre, Plaintiff's daughter spoke to Defendant representative Andrea. Defendant representative Andrea asked if Plaintiff's daughter was "Robert." Plaintiff's daughter responded that she was not Robert. Defendant representative Andrea then asked Plaintiff's daughter if she knew him. Plaintiff's daughter responded that they had called the wrong number and ended the call.

17. In or about November 27, 2020, Plaintiff called the Defendant and asked why they were calling his daughter. Defendant stated that it was a contact number on the account.

18. In or about December 3, 2020, Plaintiff emailed the Defendant the letter from Sunrise Credit Services that the debt and been settled.

19. The above-described collection conduct by Defendant in its efforts to collect this alleged debt from Plaintiff were oppressive, deceptive, misleading, unfair and illegal communications in an attempt to collect this alleged debt, all done in violation of numerous and multiple provisions of the FDCPA.

20. These collection actions taken by Defendant, and the collection employees employed by Defendant, were made in violation of multiple provisions of the FDCPA, including but not limited to all of the provisions of those laws cited herein.

21. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

22. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm because the FDCPA provides Plaintiff with the legally protected right to be treated fairly and truthfully with respect to any action for the collection of any consumer debt.

23. Defendant's deceptive, misleading and unfair representations with respect to its collection effort were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts.

24. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

25. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 24 above.

26. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692b(1) and 15 U.S.C. §1692c(b), by calling Plaintiff's daughter and not identifying themselves and for calling a third party for reasons other than to locate the Plaintiff and/or to confirm location information as the Defendant already had a good contact number for Plaintiff.

    B. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), 15 U.S.C. §1692f, and 15 U.S.C. §1692f(1) by trying to collect a debt previously satisfied.

    C. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), and 15 U.S.C. §1692f by threatening legal action against the Plaintiff during the conversation wherein Defendant stated that it was going to escalate the matter.

27. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

 (a) Actual damages;

 (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

 (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

 (d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: April 26, 2021

             /s/ Seth J. Andrews _____
             Seth J. Andrews, Esq.
             Law Offices of Kenneth Hiller, PLLC
             *Attorneys for the Plaintiff*
             6000 North Bailey Ave., Suite 1A
             Amherst, NY 14226
             (716) 564-3288
             Email: sandrews@kennethhiller.com